91 F.3d 169
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re RAD DATA COMMUNICATIONS, LTD. and Rad Data
Communications, Inc., Petitioners.
 Misc. No. 461.
 United States Court of Appeals, Federal Circuit.
 June 6, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 RAD Data Communications, Ltd. and RAD Data Communications, Inc. petition for a writ of mandamus to direct the United States International Trade Commission (ITC) to cease its investigation pursuant to 19 U.S.C. § 1337. Patton Electronics Co. and the ITC oppose.
 
 BACKGROUND
 
 2
 On March 26, 1996, Patton filed a complaint with the ITC requesting that an investigation be instituted concerning RAD's importation of certain self-powered fiber optic interconnect systems.* On May 1, 1996, the ITC published a notice of investigation in the Federal Register instituting an investigation of the matter pursuant to 19 U.S.C. § 1337. RAD now petitions this court for a writ of mandamus to direct the ITC to vacate its notice of investigation.
 
 DISCUSSION
 
 3
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chem., 449 U.S. at 35.
 
 
 4
 The issue in RAD's petition is whether the patent extension terms and remedy limitations of the Uruguay Round Agreements Act (URAA) are applicable to § 337 investigations. URAA limits the availability of statutory infringement remedies under 35 U.S.C. §§ 283, 284, and 285 for acts of "invested infringers" during the extended period. RAD's basic argument is that the ITC lacks the authority and jurisdiction to conduct this investigation because of URAA. RAD states that the original expiration date of Patton's patent was July 17, 1996, but that the term was extended to April 6, 1998 by URAA. See 35 U.S.C. § 154(c)(1). RAD calculates that the ITC's investigation will continue for approximately one year and that permanent relief, if any, cannot be awarded until after the original expiration date of the patent. RAD argues that once the original expiration date has passed, the URAA limits enforcement against invested infringers, such as itself, to "equitable remuneration." 35 U.S.C. § 154(c). Thus, RAD contends that the ITC is powerless to grant relief even if a violation is found and that the investigation is beyond the ITC's subject matter jurisdiction.
 
 
 5
 In response, the ITC asserts that the plain language of URAA limits the remedies set forth in §§ 283, 284, and 285, but is silent regarding limits on the ITC's authority to grant relief for § 337 violations. Thus, the ITC argues that the limitations of URAA are not applicable, by implication or otherwise, to ITC § 337 proceedings. The ITC also questions RAD's status as an invested infringer.
 
 
 6
 Patton similarly contends that URAA does not limit the ITC's authority to grant relief for § 337 violations. Patton argues that the ITC has a "clear duty" to follow the statutory mandate that it institute an investigation when the complaint is sufficient. See 19 U.S.C. § 1337(b)(1). Finally, Patton asserts that RAD's argument rests on mere speculation because the ITC may not reach the question of remedy in its investigation.
 
 
 7
 We agree that RAD is not entitled to mandamus. RAD argues that the ITC lacks jurisdiction to grant § 337 relief in its case. However, the ITC and Patton argue otherwise. To prevail on a mandamus petition, RAD must convince us that its entitlement to a writ is "clear and indisputable." As we noted in In re Cordis Corp., "if a rational and substantial legal argument can be made in support of the rule in question, the case is not appropriate for mandamus, even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985) (citations omitted). Further, RAD has other means of obtaining the relief it seeks. If the ITC concludes through its investigation that a violation exists and grants relief, that determination is a final order that is appealable to this court. Thus, we conclude that review by mandamus is not warranted. Allied Chem., 449 U.S. at 35.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 RAD's petition for a writ of mandamus is denied.
 
 
 
 *
 On the same day, Patton also filed a patent infringement action against RAD in the United States District Court for Maryland. RAD later filed a declaratory judgment action against Patton in the United States District Court for the District of New Jersey